**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 21, 2016

LETTER TO COUNSEL

RE: *Amanda Gray, o/b/o G.D. v. Commissioner, Social Security Administration*;
Civil No. SAG-15-1025

Dear Counsel:

On April 10, 2015, Travis Deavers petitioned this Court to review the Social Security Administration's final decision to deny his claims for Supplemental Security Income and Disability Insurance Benefits ("DIB"). (ECF No. 1). Mr. Deavers is now deceased, and the named Plaintiff in this matter is Amanda Gray, o/b/o G.D. I have reviewed the parties' motions for summary judgment. (ECF Nos. 12, 30). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Deavers filed his claims for benefits on May 18, 2011, alleging a disability onset date of November 1, 2010. (Tr. 231-44). His claims were denied initially and on reconsideration. (Tr. 144-51, 157-60). Hearings were held on June 26, 2013 and October 29, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 63-103). Following the hearings, the ALJ determined that Mr. Deavers was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 39-62). The Appeals Council ("AC") denied Mr. Deavers's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Deavers suffered from the severe impairments of post open reduction and internal fixation acetabular fracture, mood disorder, not otherwise specified, opiate dependence, and alcohol dependence. (Tr. 44). Despite these impairments, the ALJ determined that Mr. Deavers retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasional stairs and ramps, no ladders, ropes or scaffolds; frequent stooping; and occasional kneeling, crouching and crawling. He can perform: unskilled work at an SVP 1 or 2 in a static work environment where changes in tasks are infrequent and explained when they do occur; no more than simple, work-related decisions; and no work where pace of productivity is dictated by an external source over which he has no control, such as

*Amanda Gray o/b/o G.D. v. Commissioner, Social Security Administration*
Civil No. SAG-15-1025
September 21, 2016
Page 2

>assembly lines and conveyor belts. He can stay on task at least 90 percent of the workday, exclusive of normally prescribed breaks.

(Tr. 47). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Deavers could perform both past relevant work as a housekeeper and other work existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 55-57).

Plaintiff raises two primary arguments on appeal. First, she argues that the ALJ lacked substantial evidence for her conclusion that Mr. Deavers suffered from "moderate" limitations in the area of "concentration, persistence, and pace." Pl. Mot. at 6. Second, she contends that the ALJ assigned insufficient weight to the opinion of Mr. Deavers's treating physician, Dr. Russell. Pl. Mot. at 9-10. Each of Plaintiff's arguments lacks merit and is addressed below.

First, Plaintiff asserts that the ALJ lacked substantial evidence to conclude that Mr. Deavers suffered from "moderate" limitations in "concentration, persistence, and pace." Pl. Mot. at 6. Plaintiff premises her argument on the fact that one of the two non-examining State agency physicians, Dr. Dale, found Mr. Deavers to have "marked" difficulties in maintaining concentration, persistence, or pace. (Tr. 108). In fact, however, Dr. Dale's opinion is internally inconsistent. While one portion of the opinion does contain an unexplained finding of "marked" difficulties, the remainder of the opinion, which provides additional detail about the conclusions reached, finds nothing more severe than "moderate" limitation in any ability to concentrate, persist, or keep pace. (Tr. 109-111). In fact, Dr. Dale's narrative conclusion states, "This claimant appears to have the capacity to maintain sustainability in concentration, persistence and pace at the moderate limitation level." (Tr. 110). Thus, the ALJ correctly cited Dr. Dale's opinion for the proposition that Mr. Deavers has only "moderate limitations."[1] This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's decision meets that standard.

Moreover, in light of the evidence of record, I find no error in the ALJ's conclusion that Mr. Deavers could "stay on task at least 90 percent of the workday, exclusive of normally prescribed breaks." (Tr. 47). That finding acknowledges the likelihood of some interruptions in concentration during work time, but finds that Mr. Deavers would have been able to sustain concentration for sufficient periods to permit competitive employment. The finding is amply supported by various pieces of medical evidence cited by the ALJ, including Dr. Russell's opinion and the opinion from Dr. Dale. *See* (Tr. 109-11, 465). The fact that none of those opinions assigned a specific percentage to the amount of time Mr. Deavers can stay on task is not

---

[1] The ALJ does appear to have misunderstood the record, because she states that <u>two</u> State agency medical consultants found moderate limitations. (Tr. 54). In fact, the two exhibits she cites, 1A and 2A, are two copies of Dr. Dale's opinion. The error is harmless, however, because the other State agency consultant to consider mental health issues found that Mr. Deavers had only mild limitations in that functional area. (Tr. 129-31). Thus, the ALJ's misunderstanding inured to Mr. Deavers's benefit in the ALJ's analysis.

Case 1:15-cv-01025-SAG   Document 31   Filed 09/22/16   Page 3 of 3

*Amanda Gray o/b/o G.D. v. Commissioner, Social Security Administration*
Civil No. SAG-15-1025
September 21, 2016
Page 3

dispositive, since the ALJ's RFC assessment does not amount to a precise calculation of time on task, but a general finding that the time off-task would not exceed an amount that would preclude gainful employment.

Second, Plaintiff contends that the ALJ did not assign sufficient weight to the opinion of Mr. Deavers's treating physician, Dr. Russell, who treated him for opiate dependence. Plaintiff does not specifically address which portion of Dr. Russell's opinion was assigned too little weight, Pl. Mot. 9-10, and it is clear that Dr. Russell believed Mr. Deavers to be capable of sustaining employment, with some limitations. (Tr. 464-67). In fact, much of Dr. Russell's opinion is consistent with the RFC assessment found by the ALJ. *Compare* (Tr. 47) *with* (Tr. 464-67). The primary discrepancy between the RFC assessment and Dr. Russell's opinion is the ability to stand and walk during a workday, which, if Dr. Russell's opinion had been credited, may have limited Mr. Deavers to sedentary work instead of light work. However, the ALJ throughout her opinion cited to evidence supporting a greater physical capacity, specifically Mr. Deavers's activities of daily living, including caring for small children, his consultative neurological examination which was essentially normal, his successful treatment via surgery, and the treatment notes from Dr. Russell, which do not substantiate difficulties with standing and walking. (Tr. 48-54). In light of the substantial evidence cited by the ALJ, remand on the basis of assignment of weight to Dr. Russell's opinion is not justified.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 30) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge